UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHAEL HYDE<br>  Plaintiff, | )<br>)<br>)<br>) |  |
| v. | )<br>) | Civil Action No. 04-12429-RWZ |
| STATE OF MASSACHUSETTS ET AL.,<br>  Defendants. | )<br>)<br>)<br>) |  |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF
### MOTION FOR A MORE DEFINITE STATEMENT

Pursuant to Fed. R. Civ. P. 12(e), the defendants in the above-captioned civil rights action respectfully move this Court to order the petitioner to file a more definite statement of the legal grounds upon which his action is based and the factual basis for each claim.

According to the complaint, the plaintiff was prosecuted by the Norfolk County District Attorney's office for violation of the wiretapping statute and pleaded guilty to the charge. He alleges that various state officials, including two constitutional officers, judicial and law enforcement personnel, played some role in his prosecution and incarceration and therein violated his civil rights. He asks for the return of DNA samples as well as fingerprint and photo identification which the Commonwealth obtained in the course of the prosecution. The plaintiff also seeks damages of $31 trillion dollars for patent, trade secret and copyright infringement. (Complaint, pp. 2-7).

In support of the instant motion, the defendants' attorney states that the pro se plaintiff's has failed to comply with the minimal pleading requirements of the Federal Rules of Civil Procedure and this failure has prevented the defendants from filing a proper

2

response.

Fed. R. Civ. P. 8 (a) requires that a complaint must contain a short and plain statement upon which the court's jurisdiction depends and a short and plain statement of the claim showing that the pleader is entitled to relief.  Rule 8(e) mandates that each averment of a pleading shall be simple, concise and direct.

As a review of the instant complaint reveals, the plaintiff has filed a narrative account of his myriad experiences with law enforcement personnel and the judicial system in Massachusetts but failed to identify with precision the legal grounds and supporting facts indicating that he is entitled to  relief.  A civil rights complaint must state concisely every ground on which the claim of deprivation of rights is based and link such allegation with facts supporting that ground.  Fed. R. Civ. P. 8(b) requires the defendants to state in short and plain terms the party's defenses to each asserted claim and admit or deny the averments upon which the adverse party relies.  Without a clear enumeration of the grounds underlying the complaint, the defendants cannot reasonably be required to frame a responsive pleading or determine what affirmative defenses may apply.

The petitioner's recount of his arrest and conviction does not indicate the actions of each defendant that allegedly violated his rights.  It is not the defendants' role to try to guess at the legal basis for a complaint or speculate as to legal grounds.  Without the legal and factual basis for the complaint, the defendants are unable to determine the appropriate response.  The defendants  should have the ability to quickly ascertain the availability of basic and dispositive threshold defenses from the pleadings.  A 12(e) motion is appropriate "where a pleading is so vague or ambiguous that the opposing party cannot respond

3

without prejudice to itself." *Dixon v. Boscov's Inc.*, 2002 WL 1740583 (D.C. Pa. 2002). *See* 5A Wright & Miller, Federal Practice and Procedure: Civil 2d § 1376 (1990).

It is unclear what grounds and factual predicates the petitioner is claiming. Presented with such a pleading, the defendants risk forming an inaccurate opinion of the grounds pled and prejudicing themselves by making an inappropriate or inaccurate answer. The complaint must give the respondent the ability to make an answer "in good faith and without prejudice" to satisfy rule 12(e). *Wood & Locker, Inc. v. Doran & Associates*, 708 F. Supp. 684, 691 (D. Pa., 1989). Plaintiff has not provided such a pleading, forcing the defendants to speculate as to both the claims made by the plaintiff and the precise factual bases for these claims.

In his more definite statement, the petitioner should clearly enumerate in separate paragraphs each individual claim for relief and briefly – without long narrative descriptions of plaintiff's arrest and trial – summarize the supporting facts. Instead of complex and confusing explanations, plaintiff need only provide short, plain statements upon which relief under 42 U.S.C. § 1983 may be granted, giving the defendants the ability to respond accurately.[1]

WHEREFOR, for the reasons stated above, the defendants respectfully move that the plaintiff file a more definite statement of the legal grounds supporting his civil rights complaint and of the supporting facts, clearly identifying each defendant's individual actions that allegedly violated his civil rights.

---

[1] The Appendix of Forms following the Federal Rules of Civil Procedure includes sample complaints on various legal issues that may provide some general guidance to the petitioner as to the proper form of a complaint.

4

        **Respectfully submitted,**

        **THOMAS F. REILLY**
        **ATTORNEY GENERAL**
        **/s/ Annette C. Benedetto**
        **Annette C. Benedetto**
        **Annette C. Benedetto**
        **Assistant Attorney General**
        **Criminal Bureau**
        **One Ashburton Place**
        **Boston, Massachusetts 02108**
        **(617) 727-2200**
        **BBO No. 037060**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the petitioner by first-class mail, postage pre-paid, on June 27, 2005, addressed to him as follows:

Michael J. Hyde
148 Brickel Rd.
Stoughton, MA 02072

        **/s/ Annette C. Benedetto**
        **Annette C. Benedetto**
        **Assistant Attorney General**