UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAEL HYDE ) | |
|   Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-12429-RWZ |
| ) | |
| STATE OF MASSACHUSETTS ET AL., ) | |
|   Defendants. ) | |

**DEFENDANTS' MOTION FOR EXEMPTION FROM CERTAIN AMENDMENTS TO THE LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

The defendants, State of Massachusetts, Clerk Magistrate Salvatore Paterna, Dedham District Court Judge Thomas Connors, Norfolk Count District Attorney William R. Keating, Norfolk County Assistant District Attorney Jason Bolio, Former Norfolk County Assistant District Attorney Max Pearlman, Massachusetts Commissioner of Public Safety Edward A. Flynn, Attorney General Thomas F. Reilly and Governor Mitt Romney, respectfully move this Court to exempt them from the following requirements of the amendments to the Local Rules:

    l.    Rule 7.1(2) which requires that motions not be filed unless counsel for both parties have conferred and have attempted to resolve or narrow the issue;

    2.    Rule 16.l(B) and (D) which requires that counsel for the parties confer no later than ten days before the date of a scheduling conference and that the parties must file a joint statement containing a proposed pretrial schedule with a certification signed by counsel attesting that each party and respective counsel have conferred;

2

3. Rule 16.3 which permits the Court to order that counsel must confer before the case management conference for the purpose of preparing a joint statement;

4. Rule 16.5(C) and (D) which requires counsel to confer no later than fifteen days before the date of the final pretrial conference, and which requires a joint pretrial memorandum (even though the Rules does not specify a joint pretrial statement, the intent of the Rule seems to require such a joint statement); and

5. Rule 37.1 which requires that counsel confer before filing any discovery motions.

According to the complaint, the plaintiff was prosecuted by the Norfolk County District Attorney's office for violation of the wiretapping statute and pleaded guilty to the charge. He alleges that various state officials, including two constitutional officers, judicial and law enforcement personnel, played some role in his prosecution and incarceration and therein violated his civil rights. He asks for the return of DNA samples as well as fingerprint and photo identification which the Commonwealth obtained in the course of the prosecution. The plaintiff also seeks damages of $31 trillion dollars for patent, trade secret and copyright infringement. (Complaint, pp. 2-7).

In support of the exemption motion, the defendants state that the plaintiff is *pro se* and to counsel's knowledge, is not an attorney. Although the rules require that *counsel* confer on numerous matters, the rules are silent as to whether they apply to *pro se* litigants who are not attorneys. To apply the particular rules cited to the *pro se* plaintiff would be unduly burdensome, would create unnecessary delays and most likely would not conserve judicial resources or economy. Assuming that the plaintiff files a more definite statement

3

specifying his legal claims and the facts supporting the claims, the defendants anticipate filing a dispositive motion to dismiss which is the precise type of motion which would seem to be outside the intent of the amendments dealing with efforts to resolve or narrow issues through counsel conferences.

WHEREFORE, the defendants respectfully request that they be exempted from the aforementioned amendments to the Local Rules.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

/s/ Annette C. Benedetto
Annette C. Benedetto
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2855
BBO #037060

Dated: June 27, 2005