UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL J. HYDE )<br>         Plaintiff, )<br>)<br>v. )<br>)<br>)<br>NORFOLK COUNTY )<br>SHERIFF'S OFFICE, ET AL )<br>         Defendants, )<br>) | CIVIL ACTION NO.<br>04-12429RWZ |

### DEFENDANT NORFOLK COUNTY SHERIFF'S OFFICE MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

The defendant, the Norfolk County Sheriff's Office ("NCSO"), hereby files this memorandum of law in support of their motion to dismiss the plaintiff's Complaint filed in the above-captioned matter. The defendant respectfully moves to dismiss the plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The arguments in support of this motion are set forth below.

### STATEMENT OF MATERIAL FACTS

On February 15, 2003, the plaintiff was pulled over by the Massachusetts State Police during a routine traffic stop while traveling on Route 128. (Compl.¶ 1.) Plaintiff was subsequently charged for violation of the state wiretapping statute under Massachusetts General Laws Chapter 272, Section 99(C)(1). (Compl.¶ 3.) On May 25, 2004, the Dedham District Court found that there was just cause to hold the plaintiff until the next court date of June 2, 2004. (Compl. ¶ 8; Exhibit 1.) The plaintiff was ordered by the Dedham District Court to be committed to the Norfolk County House of Correction in Dedham, MA in lieu of $500.00 cash bail. (Compl. ¶ 8; Exhibit 1.)

Plaintiff was taken into custody on May 25, 2004, by the NCSO based on the mittimus issued at approximately 4:30 PM by the Dedham District Court . (Compl. ¶ 8; Exhibit 1.) The plaintiff was then processed at the Norfolk County House of Corrections in Dedham. (Compl. ¶ 8.) The intake procedure included the taking of plaintiff's photograph and fingerprints. (Compl.¶ 8.) The plaintiff subsequently posted $500.00 bail and was released at approximately 9:38 PM. (Exhibit 2). The plaintiff later pleaded guilty to the wiretapping charge. (Compl. ¶ 9.) Plaintiff has not appealed this conviction.

## LEGAL STANDARD

Complaints are subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Complaint is subject to dismissal under Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## ARGUMENT

I.  **Defendant's Motion to Dismiss Should be Granted Because Plaintiff's Criminal Conviction Has Not Been Reversed or Invalidated.**

In 1994, the Supreme Court set forth the standard for which a plaintiff must meet before pursuing a unconstitutional conviction or imprisonment claim under 42 U.S.C. § 1983. Heck v. Humphrey, 512 U.S. 477 (1994). The Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Id. at 486, 487 (footnote omitted). Claims for damages relating to a conviction or

sentence which has not been invalidated is not cognizable under § 1983. Id. at 487. If a favorable judgment to the plaintiff would deem the conviction or sentence invalid, the complaint should be dismissed. See id.

In the present case, the plaintiff pleaded guilty to the wiretapping charge which resulted in a conviction. Plaintiff did not appeal the conviction and the conviction has not been reversed or invalidated. If the plaintiff were to receive a favorable judgment in the present case, such a judgment would render his prior conviction invalid. Therefore, under Heck, the Complaint should be dismissed. Id.

II.  Plaintiff Fails to Allege Any Set of Facts Which Would Substantiate His Claim of False Imprisonment by the NCSO.

The Supreme Court has held that, in general, detaining a person under a facially valid order of commitment from a Court does not give rise to a constitutional violation, even if it turns out that the person was wrongfully arrested. Baker v. McCollan, 443 U.S. 137, 143-144 (1979). In Baker, the plaintiff was detained for three days and was later released due to mistaken identification. Id. at 140. The Supreme Court found that such a detention did not constitute a constitutional violation. Id. at 145.

In the case before us, the plaintiff was detained for approximately five hours. The plaintiff was released once he completed the intake process at the jail and posted bail. Most importantly, unlike Baker, the plaintiff later pleaded guilty to the charge for which he was being held. Id. at 140. This brief detention of the plaintiff by the NCSO pursuant to an order of the Dedham District Court falls far short of the threshold needed to substantiate a claim of false imprisonment. Accordingly, the complaint should be dismissed.

III.   The NCSO is Required by Statute to Fingerprint and Photograph All Persons Committed to the Norfolk County House of Corrections Under a Sentence of Imprisonment.

Plaintiff claims copyright and trade secrets violations for the taking and retention of his photograph and fingerprints by the NCSO. The NCSO and all other penal institutions in the Commonwealth of Massachusetts are required by statute to photograph and fingerprint all persons who have been committed to a correctional institution. Massachusetts General Laws Chapter 127, Section 23 requires that a photograph and fingerprints be taken for any person who has been committed under a sentence of imprisonment for any crime. In addition, Massachusetts General Laws Chapter 127, Section 28 requires that correctional institutions of the Commonwealth retain photograph and fingerprint records of any person committed to a penal institution under Massachusetts General Laws Chapter 127, Section 23.

Since the plaintiff was ordered by the Dedham District Court to be committed to the Norfolk County House of Correction until his next court date, the NCSO was under a duty to photograph and fingerprint the plaintiff and retain a record of such. Therefore, plaintiff's copyright and trade secrets claims are legally untenable. Accordingly, the complaint should be dismissed.

## CONCLUSION

For the above stated reasons, the defendant NCSO moves the Court to dismiss the Complaint.

|  |  |
|---|---|
| | Respectfully submitted,<br>For the Defendant Norfolk County<br>Sheriff's Office |
| Dated: October 12, 2005 | Robert W. Harnais<br>General Counsel<br>Norfolk County Sheriff's Office<br>200 West Street, P.O. Box 149<br>Dedham, MA 02027<br>Tel: (781) 751-3308<br>Fax: (781) 461-5968<br>BBO # 557535 |