UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL J. HYDE,                          )
     Plaintiff,                           )
                              )
v.                                        )        Civil Action No.
                              )        04-12429RWZ
COMMONWEALTH OF MASSACHUSETTS,            )
ET. AL.                                   )
     Defendants,                          )
_____)

## DEFENDANTS PAUL BAKER AND RACHAEL ROUTHIERS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS

Defendant Massachusetts State Police Troopers Paul Baker ("Baker") and

Rachael Routhier ("Routhier") hereby submit this memorandum in support of their

Motion to Dismiss the above captioned matter pursuant to Federal Rules of Civil

Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

### FACTS

On February 15, 2003, Baker, while on duty and in uniform, pulled over plaintiff

on Route 128 in Needham. Complaint, p. 8. The basis for Baker's stop, was that plaintiff

did not have a front license plate attached on his vehicle in violation of M.G.L. ch. 90, §

6. Exhibit A. While interacting with plaintiff, Baker learned that plaintiff was

surreptitiously tape recording him. Complaint, p. 8, et. seq., Exhibit A. Baker placed

plaintiff under arrest for violating M.G.L. ch. 272, § 99 ("Wiretap Statute"). Complaint,

p. 9, Exhibit A.

The Commonwealth was represented by an Assistant District Attorney at plaintiff's arraignment. Complaint, p. 10. Plaintiff was arraigned on charges taken out by Routhier, who was acting in her capacity as the "police prosecutor", representing the State Police in cases before the Dedham District Court.[1] Complaint, p. 11, Exhibits 1, 3. The charges were then remanded to a Clerk-Magistrate for a probable cause hearing. Complaint, p. 11. Routhier represented the State Police in her capacity as police prosecutor at that probable cause hearing, which was held on May 7, 2003. Complaint, p. 11.

Routhier is not alleged to have had any further contact with plaintiff's criminal case. Complaint, generally. Neither Baker nor Routhier are alleged to have involvement in plaintiff's DNA sample, fingerprints, or other factors for which he seeks one-trillion U.S. dollars in compensation. Complaint, p. 21.

On November 24, 2004, plaintiff pled guilty to two counts of violating the Wiretap Statute, and to the license plate violation. Complaint, p. 12, Exhibit 3. Plaintiff has not attempted to obtain further relief from judgment.

ARGUMENT

I.      The Plaintiff's Guilty Pleas Bars Him From Challenging His Conviction Or For Bringing An Action That Would Call into Question His Conviction.

In his complaint, the Plaintiff, asserts that Trooper Baker improperly stopped his vehicle, searched it without probable cause[2], and conspired with other defendants to deprive him of his constitutional rights in violation of 42 U.S.C. §1983. (Complaint, p.22). Section 1983 was designed to protect individuals from the misuse of state power

---

[1] The police prosecutor is assigned to a particular courthouse, and handles cases brought by the State Police in that court, regardless of who the arresting officer is. In this case, Routhier was representing the State Police on Baker's arrest of plaintiff.

[2]

by those clothed with the authority of the state.  See <u>Duchesne v. Sugarman</u>, 566 F.2d 817, 829 (2nd Cir. 1977).  It established a cause of action for damages caused by the acts of state or local officials who deprive an individual of constitutional or statutory rights. See <u>Id</u>.  However, § 1983 does not itself create substantive rights but creates a procedure for redressing the deprivation of already established rights.  <u>See Albright v. Oliver,</u> 510 U. S. 807, 127 L.Ed.2d. 144, 122 (1994).

In <u>Heck v. Humphrey</u>, 114 S.Ct. 2364, 2372 (1994) the Supreme Court held that 42 U.S.C. §1983 may not be used to challenge a criminal conviction unless that conviction has first been overturned or declared invalid.  This bar includes matters that would impliedly challenge the conviction.  Moreover, the court made it clear that a plaintiff could not recover any damages arising out of the "injury" of his conviction or imprisonment. Id.

Under the doctrine of collateral estoppel, often referred to as issue preclusion:

> ...once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action...

<u>Montana v. United States</u>, 440 U.S. 147, 153-54 (1979), quoted in <u>B.C.R. Transport Co., Inc. v. Fontaine</u>, 727 F.2d 7, 11 (1st Cir. 1984); <u>Fidler v. E.M. Parker Co.</u>, 394 Mass. 534, 5398 476 N.E.2d 595, 599 (1985).

The First Circuit has approved the use of collateral estoppel to preclude relitigation in a civil trial of those claims "actually litigated and decided at the state criminal trial" <u>Fernandez v. Trias Monge</u>, 586 F.2d 848, 854 (1st Cir. 1978) (citations omitted. Emphasis on original); <u>Accord B.C.R. Transport Co., Inc. v. Fontaine</u>, supra at 11.  The Plaintiff has pled guilty to violating the wiretap statute, and was found

responsible for a license plate violation. He is therefore precluded from challenging those findings in this Court.

II.     Routhier is Entitled to Prosecutorial Immunity From Suit

Under Mass.R.Crim.P. 4(b), a criminal complaint may be subscribed to by "the arresting officer, the police chief, or any police officer within the jurisdiction of a crime, a prosecutor, or a private person.". In fact, the Reporter of the Rules of Criminal Procedure notes, with respect to Rule 4(b), that the practice of having a single officer obtain complaint for offenses of which he has no first-hand knowledge is "not only appropriate, but a sound administrative procedure." Mass.R.Crim.P. 4(b), Reporter's Notes. The reporter further notes that "Rule 4(b) authorizes the signing of the complaint by persons other than the arresting officer in order to avoid requiring the officer's presence at any time prior to the probable cause hearing or trial." Mass.R.Crim.P. 4(b), Reporter's Notes. The basis for subparagraph 4(b), "is grounded in the desire to avoid removing an officer from his regular work shift to execute the mere formality of personally signing the complaint. Mass.R.Crim.P. 4(b), Reporter's Notes. Essentially, Rule 4(b) authorizes a police prosecutor to initiate and present the Commonwealth's case.

In the present case, Routhier signed the complaint against plaintiff pursuant to her authority under Rule 4(b), on behalf of the arresting officer. See Exhibit 1. She further represented the Commonwealth at a probable cause hearing. Complaint, p. 11. In this capacity as police prosecutor, Routhier is immune from suit. Imbler v. Pachtman, 424 U.S. 409 (1976). As held by the Supreme Court in *Imbler*, "in initiating and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [42 U.S.C., §] 1983. Imbler, 424 U.S. 409, 431 (1976).

## Conclusion

For the above stated reasons, the complaint should be dismissed against

defendants, Troopers Paul Baker and Rachael Routhier.

> Respectfully submitted,
> PAUL BAKER and RACHAEL ROUTHIER
> By their attorneys,
> LAW OFFICES OF TIMOTHY M. BURKE
>
> Scott W.
>
> Scott W. Dunlap, BBO #634389
> 160 Gould Street, Ste. 111
> Needham, MA 02494
> (781) 455-0707

## Certificate of Service

I hereby certify that a true copy of the above document was served upon the following persons by first-class mail, postage pre-paid, on October 28, 2005, addressed as follows:

Plaintiff:     Michael J. Hyde
               148 Brickel Rd.
               Stoughton, MA 02072

Counsel for Codefendants:

               Annette C. Benedetto
               Assistant Attorney General
               Criminal Bureau
               One Ashburton Place
               Boston, MA 02108

               Robert Harnais
               General Counsel
               Norfolk County Sheriff's Office
               P.O. Box 149
               200 West Street
               Dedham, MA 02027

Dated: October 28, 2005