UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12429-RWZ

MICHAEL HYDE

v.

STATE OF MASSACHUSETTS, et al.

MEMORANDUM OF DECISION

March 23, 2006

ZOBEL, D.J.

Pro se plaintiff Michael Hyde filed a complaint in November 2004, which he subsequently amended in March 2005. The suit arose out of plaintiff's prosecution by the Norfolk District Attorney's office for violating the Massachusetts wiretapping statute, M.G.L. c. 272, § 99(c)(1), by audio tape recording a law enforcement officer during a routine traffic stop. Plaintiff challenged in state court the validity of the traffic stop, the search of his car and seizure of the recording device, and his arrest; the motion was denied. (Commonwealth Defs.' Mot. to Dismiss, Ex. 5). Plaintiff eventually pled guilty and was sentenced to two years' probation.[1]

---

[1] (Commonwealth Defs.' Mot. to Dismiss, Ex. 5.) These facts are drawn in part from documents submitted by defendants as exhibits accompanying their motion to dismiss. Although courts generally do not consider matters beyond the complaint on a motion to dismiss, these documents, which are official public records, may properly be considered. See Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993).

In the instant complaint, plaintiff claims that various state officials violated his civil rights during his wiretapping arrest and prosecution.  He also alleges that law enforcement officers violated his property rights when they obtained fingerprint, photographic, and DNA information from him and when they seized and retained the tape recording.  In June 2005, defendants filed a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e), which I granted in August 2005.  In response, plaintiff filed a second amended complaint in September 2005.  ("Second Am. Compl.").  Rather than becoming clearer and more precise, however, plaintiff's complaint has grown from seven to thirty-nine pages and includes claims under multiple federal civil rights laws, as well as federal witness tampering, trade secret, wiretapping, and copyright laws.  In response to plaintiff's rambling allegations, which largely lack legal foundation, all defendants have moved to dismiss on all counts.  Those motions, as well as numerous motions filed by plaintiff, are now before me.

First, several of the defendants are entitled to dismissal under the Eleventh Amendment, which bars suits against a state brought by citizens of that state.  See Hans v. Louisiana, 134 U.S. 1 (1890).  "This jurisdictional bar applies regardless of the nature of the relief sought."  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  Under the Eleventh Amendment, suit against the Commonwealth of Massachusetts is plainly barred.  Furthermore, defendants Romney, Reilly, Flynn, Selavka, and Pino—who are named as defendants only as officers of the Commonwealth and its various agencies—are also entitled to dismissal.  See Kentucky v. Graham, 473 U.S. 159, 165-67 (1985).  Accordingly, the motion to dismiss is granted

as to the State of Massachusetts, the Massachusetts State Police Crime Lab, and defendants Romney, Reilly, Flynn, Selavka, and Pino.

Second, some of the defendants are entitled to absolute immunity from suits for damages. Judicial officers, for example, are immune "from liability . . . for acts committed within their judicial discretion." Pierson v. Ray, 386 U.S. 547, 553 (1967). Plaintiff has nowhere alleged that defendant Judge Connors undertook any actions that fall outside of this broad grant of immunity. See Mirales v. Waco, 502 U.S. 9, 11-12 (1991). Moreover, this judicial immunity "extends to other officers of government whose duties are related to the judicial process," such as clerk-magistrates and clerks of court. Barr v. Matteo, 360 U.S. 564, 569 (1959); see also Sullivan v. Kelleher, 405 F.2d 486, 487 (1st Cir. 1968). The complaint nowhere alleges that Clerk-Magistrate Paterna acted outside the judicial process. As for defendants Keating, Bolio, and Pearlman, of the Norfolk District Attorney's Office, they enjoy absolute immunity as prosecutors for any actions taken "in initiating a prosecution and in presenting the State's case," and none of the conduct alleged in the complaint falls outside of the scope of the prosecution. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Accordingly, defendants Connors, Paterna, Keating, Bolio, and Pearlman are immune from suit insofar as plaintiff seeks damages. See Pulliam v. Allen, 466 U.S. 522, 537-38 (judicial immunity does not extend to injunctive relief); Supreme Court of Virginia v. Consumers Union of U.S., Inc., 446 U.S. 719, 736-37 (1980) (same for prosecutorial immunity).

What remains are plaintiff's claims for both injunctive relief and damages against defendants Baker, Ruthier, and the Norfolk County House of Correction, as well as

3

plaintiff's claims for injunctive relief against defendants Paterna, Connors, Keating, Bolio, and Pearlman.  Plaintiff's allegations fall into two categories: (1) claims concerning plaintiff's arrest, prosecution, and conviction; and (2) claims concerning certain materials that plaintiff claims were illegally obtained from him and whose return he seeks.

Insofar as plaintiff seeks to invalidate his arrest, search and seizure, prosecution, or conviction, the complaint is dismissed under Heck v. Humphrey, 512 U.S. 477, 489-90 (1994).  In that case, the Supreme Court held that a claim under 42 U.S.C. § 1983 for injury "attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  This bar applies equally to claims for monetary damages and equitable relief.  See, e.g., White v. Gittens, 121 F.3d 803, 807 n.3 (1st Cir. 1997) (applying Heck to claim for declaratory relief).  In this case, plaintiff seeks to attack his conviction and sentence by alleging violations of his rights during his arrest, during the search of his car, and during the course of the prosecution against him.  All of these allegations—if proven—"would necessarily imply that the plaintiff's criminal conviction was wrongful" because they would constitute "other harm caused by actions whose unlawfulness would render a conviction or sentence invalid."  Heck, 512 U.S. at 486-87 & nn. 6-7.  Because plaintiff has failed to submit any evidence "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," his claim is not cognizable.  Id. at 487.  Thus, to

the extent that the complaint challenges plaintiff's arrest, search, seizure, prosecution, or conviction, it is dismissed as to all defendants.

The remaining portions of the complaint raise numerous allegations that are either without factual basis, patently frivolous, or both.  Other than challenging his arrest and prosecution, plaintiff's complaint, in essence, charges defendants with illegally obtaining and retaining his fingerprint, photographic, and DNA samples and demands their return, as well as the return of the tape recording he made and "any tapes made of any court appearances, State sponsored video(s) etc." (See Compl. 35 and ¶¶ 11-12, 15-16, 17-20).  This conduct is alleged to have violated plaintiff's rights under the First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments of the federal Constitution; Articles 5 and 12 of the Massachusetts Constitution; the federal wiretapping statute, 18 U.S.C. § 2511; the federal witness tampering statute, 18 U.S.C. § 1512; federal copyright laws, 17 U.S.C. § 101 et seq.; federal trade secret laws, 18 U.S.C. § 1832; state common law (negligence, intentional infliction of emotional distress); and the Massachusetts wiretapping statute, M.G.L. c. 272, § 99(c)(2).  These allegations, which are largely indecipherable, fail to set forth any cognizable claims for relief.  Although pro se pleadings are generally read liberally, a complainant must still meet his pleading obligations. See McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979).  Moreover, this is not a case where a pro se plaintiff is being surprised by a sua sponte dismissal, has not been allowed to amend, or has not been given an opportunity to respond to his opponent's motion to dismiss.  Cf. Forte v. Sullivan, 935 F.2d 1, 2-3 (1st Cir. 1991).  On the contrary, plaintiff has twice amended

his complaint and has filed a twenty-six page opposition to defendants' motions, along with nineteen exhibits. That he has still failed adequately to state a claim for relief demonstrates the complaint's underlying lack of merit. It is accordingly dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

The pending motions are therefore resolved as follows:

1. Because the Commonwealth defendants' motion for a more definite statement has already been allowed, the other defendants' motions for joinder (##13 and 16 on the docket) are denied as moot.

2. Defendants' motions for extension of time (#18) and leave to file (#25) are allowed.

3. Defendants' motions to dismiss (##19, 26, and 49) are allowed.

4. Plaintiff's motions for sanctions (##30, 37), motion to strike (#35), motion to suppress (#39), motion for discovery (#41), and motion to compel (#42) are denied as moot.

Judgment may be entered dismissing the complaint.

_____   /s/ Rya W. Zobel
      DATE           RYA W. ZOBEL
              UNITED STATES DISTRICT JUDGE