FILED
UNITED STATES DISTRICT CLERKSTOFFICE
DISTRICT OF MASSACHUSETTS
2006 APR 10  A 11: 07

Michael J. Hyde
148 Brickel Rd
Stoughton, Ma .02072
Plaintiff,

U.S. DISTRICT COURT
CIVIL ACTION NOURH-12429 RWZ
DISTRICT OF MASS.

Vs.

**NOTICE OF APPEAL**

State of MASSACHUSETTS, ET AL Defendants,
DEFENDANTS
Through Counsel,
Annette Benedeto
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
Representing the State of Massachusetts, Clerk-Magistrate of Dedham
District Court Salvatore Paterna. Dedham District Court Judge Thomas Connors,
Norfolk County District Attorney William R. Keating, Norfolk County Assistant
District Attorney Jason Bolio, County Assistant District Attorney Max Peariman,
Edward A. Flynn Massachusetts Office of Public Safety, Tom Reiley Attorney
General of Massachusetts, Mitt Romney Governor of Massachusetts, Massachusetts State
Police Crime Lab, Carl Selavka Director of the MA State
Police Crime Lab and Bob Pino CODES Administrator of the MA State Police
Crime Lab

Through Counsel,
Scott W Dunlap
Law Offices of Timothy M. Burke
160 Gould Street, Suite 111
Needham, MA. 02494
Representing the Defendants State Trooper Paul Baker, State Trooper Rachael Ruthier,

Through Counsel
Robert W. Harnais
General Counsel
Norfolk County Sheriff's Office
200 West Streets, P.O. Box 149
Dedham, MA. 02027
Representing Norfolk County Sheriff's Office.

NOTICE IS HEREBY GIVEN that Michael J Hyde hereby appeals to the United States Court of Appeals for the First Circuit from Civil Matter 04-12429 RWZ Judgment Document 52-1.

Entered in this action on March 30, 2006.

A copy of said judgment is attached hereto.

Faithfully submitted March 30, 2006          Signature

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Michael J. Hyde
Plaintiff,
Vs.

State of MASSACHUSETTS, ET AL
Defendants,

CIVIL ACTION NO. 04-12429 RWZ

### CERTIFICATE OF SERVICE

I, Michael J. Hyde, hereby certify that on the 30th day of March 2006, served upon copies of the Notice of Appeal for the United States Court of Appeals for the First Circuit and Judgment document 53-1 filed March 24, 2006 by first-class U.S. mail, postage prepaid to:

### DEFENDANTS
Through Counsel,
Annette Benedeto
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
Representing the State of Massachusetts, Clerk-Magistrate of Dedham District Court Salvatore Paterna, Dedham District Court Judge Thomas Connors, Norfolk County District Attorney William R. Keating, Norfolk County Assistant District Attorney Jason Bolio, County Assistant District Attorney Max Peariman, Edward A. Flynn Massachusetts Office of Public Safety, Tom Reiley Attorney General of Massachusetts, Mitt Romney Governor of Massachusetts, Massachusetts State Police Crime Lab, Carl Selavka Director of the MA State Police Crime Lab and Bob Pino CODES Administrator of the MA State Police Crime Lab

Through Counsel,
Scott W Dunlap
Law Offices of Timothy M. Burke
160 Gould Street, Suite 111
Needham, MA. 02494
Representing the Defendants State Trooper Paul Baker, State Trooper Rachael Ruthier,

Through Counsel

Robert W. Harnais
General Counsel
Norfolk County Sheriff's Office
200 West Streets, P.O. Box 149
Dedham, MA. 02027
Representing Norfolk County Sheriff's Office.


Faithfully submitted

March 30, 2006

Michael J. Hyde
148 Brickel Road
Stoughton, MA 02072
Cell 617-697-8893
Home 781-341-4299

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12429-RWZ

MICHAEL HYDE

v.

STATE OF MASSACHUSETTS, et al.

### MEMORANDUM OF DECISION

March 23, 2006

ZOBEL, D.J.

Pro se plaintiff Michael Hyde filed a complaint in November 2004, which he subsequently amended in March 2005. The suit arose out of plaintiff's prosecution by the Norfolk District Attorney's office for violating the Massachusetts wiretapping statute, M.G.L. c. 272, § 99(c)(1), by audio tape recording a law enforcement officer during a routine traffic stop. Plaintiff challenged in state court the validity of the traffic stop, the search of his car and seizure of the recording device, and his arrest; the motion was denied. (*Commonwealth Defs.*' Mot. to Dismiss, Ex. 5). Plaintiff eventually pled guilty and was sentenced to two years' probation.[1]

---

[1](*Commonwealth Defs.*' Mot. to Dismiss, Ex. 5.) These facts are drawn in part from documents submitted by defendants as exhibits accompanying their motion to dismiss. Although courts generally do not consider matters beyond the complaint on a motion to dismiss, these documents, which are official public records, may properly be considered. See Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993).

In the instant complaint, plaintiff claims that various state officials violated his civil rights during his wiretapping arrest and prosecution. He also alleges that law enforcement officers violated his property rights when they obtained fingerprint, photographic, and DNA information from him and when they seized and retained the tape recording. In June 2005, defendants filed a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e), which I granted in August 2005. In response, plaintiff filed a second amended complaint in September 2005. ("Second Am. Compl."). Rather than becoming clearer and more precise, however, plaintiff's complaint has grown from seven to thirty-nine pages and includes claims under multiple federal civil rights laws, as well as federal witness tampering, trade secret, wiretapping, and copyright laws. In response to plaintiff's rambling allegations, which largely lack legal foundation, all defendants have moved to dismiss on all counts. Those motions, as well as numerous motions filed by plaintiff, are now before me.

First, several of the defendants are entitled to dismissal under the Eleventh Amendment, which bars suits against a state brought by citizens of that state. See Hans v. Louisiana, 134 U.S. 1 (1890). "This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89. 100 (1984). Under the Eleventh Amendment, suit against the Commonwealth of Massachusetts is plainly barred. Furthermore, defendants Romney, Reilly, Flynn, Selavka, and Pino—who are named as defendants only as officers of the Commonwealth and its various agencies—are also entitled to dismissal. See Kentucky v. Graham, 473 U.S. 159, 165-67 (1985). Accordingly, the motion to dismiss is granted

2

as to the State of Massachusetts, the Massachusetts State Police Crime Lab, and defendants Romney, Reilly, Flynn, Selavka, and Pino.

Second, some of the defendants are entitled to absolute immunity from suits for damages. Judicial officers, for example, are immune "from liability . . . for acts committed within their judicial discretion." Pierson v. Ray, 386 U.S. 547, 553 (1967). Plaintiff has nowhere alleged that defendant Judge Connors undertook any actions that fall outside of this broad grant of immunity. See Mirales v. Waco, 502 U.S. 9, 11-12 (1991). Moreover, this judicial immunity "extends to other officers of government whose duties are related to the judicial process," such as clerk-magistrates and clerks of court. Barr v. Matteo, 360 U.S. 564, 569 (1959); see also Sullivan v. Kelleher, 405 F.2d 486, 487 (1st Cir. 1968). The complaint nowhere alleges that Clerk-Magistrate Paterna acted outside the judicial process. As for defendants Keating, Bolio, and Pearlman, of the Norfolk District Attorney's Office, they enjoy absolute immunity as prosecutors for any actions taken "in initiating a prosecution and in presenting the State's case," and none of the conduct alleged in the complaint falls outside of the scope of the prosecution. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Accordingly, defendants Connors, Paterna, Keating, Bolio, and Pearlman are immune from suit insofar as plaintiff seeks damages. See Pulliam v. Allen, 466 U.S. 522, 537-38 (judicial immunity does not extend to injunctive relief); Supreme Court of Virginia v. Consumers Union of U.S., Inc., 446 U.S. 719, 736-37 (1980) (same for prosecutorial immunity).

What remains are plaintiff's claims for both injunctive relief and damages against defendants Baker, Ruthier, and the Norfolk County House of Correction, as well as

3

plaintiff's claims for injunctive relief against defendants Paterna, Connors, Keating, Bolio, and Pearlman. Plaintiff's allegations fall into two categories: (1) claims concerning plaintiff's arrest, prosecution, and conviction; and (2) claims concerning certain materials that plaintiff claims were illegally obtained from him and whose return he seeks.

Insofar as plaintiff seeks to invalidate his arrest, search and seizure, prosecution, or conviction, the complaint is dismissed under Heck v. Humphrey, 512 U.S. 477, 489-90 (1994). In that case, the Supreme Court held that a claim under 42 U.S.C. § 1983 for injury "attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." This bar applies equally to claims for monetary damages and equitable relief. See, e.g., White v. Gittens, 121 F.3d 803, 807 n.3 (1st Cir. 1997) (applying Heck to claim for declaratory relief). In this case, plaintiff seeks to attack his conviction and sentence by alleging violations of his rights during his arrest, during the search of his car, and during the course of the prosecution against him. All of these allegations—if proven—"would necessarily imply that the plaintiff's criminal conviction was wrongful" because they would constitute "other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." Heck, 512 U.S. at 486-87 & nn. 6-7. Because plaintiff has failed to submit any evidence "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," his claim is not cognizable. Id. at 487. Thus, to

4

the extent that the complaint challenges plaintiff's arrest, search, seizure, prosecution, or conviction, it is dismissed as to all defendants.

The remaining portions of the complaint raise numerous allegations that are either without factual basis, patently frivolous, or both. Other than challenging his arrest and prosecution, plaintiff's complaint, in essence, charges defendants with illegally obtaining and retaining his fingerprint, photographic, and DNA samples and demands their return, as well as the return of the tape recording he made and "any tapes made of any court appearances, State sponsored video(s) etc." (See Compl. 35 and ¶¶ 11-12, 15-16, 17-20). This conduct is alleged to have violated plaintiff's rights under the First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments of the federal Constitution; Articles 5 and 12 of the Massachusetts Constitution; the federal wiretapping statute, 18 U.S.C. § 2511; the federal witness tampering statute, 18 U.S.C. § 1512; federal copyright laws, 17 U.S.C. § 101 et seq.; federal trade secret laws, 18 U.S.C. § 1832; state common law (negligence, intentional infliction of emotional distress); and the Massachusetts wiretapping statute, M.G.L. c. 272, § 99(c)(2). These allegations, which are largely indecipherable, fail to set forth any cognizable claims for relief. Although pro se pleadings are generally read liberally, a complainant must still meet his pleading obligations. See McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979). Moreover, this is not a case where a pro se plaintiff is being surprised by a sua sponte dismissal, has not been allowed to amend, or has not been given an opportunity to respond to his opponent's motion to dismiss. Cf. Forte v. Sullivan, 935 F.2d 1, 2-3 (1st Cir. 1991). On the contrary, plaintiff has twice amended

5

his complaint and has filed a twenty-six page opposition to defendants' motions, along
with nineteen exhibits. That he has still failed adequately to state a claim for relief
demonstrates the complaint's underlying lack of merit. It is accordingly dismissed
pursuant to Fed. R. Civ. P. 12(b)(6).

The pending motions are therefore resolved as follows:

1.    Because the Commonwealth defendants' motion for a more definite
      statement has already been allowed, the other defendants' motions for
      joinder (##13 and 16 on the docket) are denied as moot.

2.    Defendants' motions for extension of time (#18) and leave to file (#25) are
      allowed.

3.    Defendants' motions to dismiss (##19, 26, and 49) are allowed.

4.    Plaintiff's motions for sanctions (##30, 37), motion to strike (#35), motion
      to suppress (#39), motion for discovery (#41), and motion to compel (#42)
      are denied as moot.

Judgment may be entered dismissing the complaint.


_____                    /s/ Rya W. Zobel_____
DATE                                RYA W. ZOBEL
                                    UNITED STATES DISTRICT JUDGE




6

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

 **MICHAEL HYDE**

**Plaintiff**

**CIVIL ACTION**

V.

**NO. 04CV12429-RWZ**

 **STATE OF MASSACHUSETTS ET AL**
**Defendant**

### JUDGMENT

 **ZOBEL, D. J.**

In accordance with the **MEMORANDUM OF DECISION entered 3/23/06;**

**JUDGMENT is entered DISMISSING the complaint.**

**By the Court,**

 **3/24/06**
**Date**

**s/ Lisa A. Urso**
**Deputy Clerk**